UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERNANDO ESPINOSA RAMIREZ,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

CASE NO. 2:26-cv-04187-BAT

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

In this 28 U.S.C. § 2241 habeas action, Petitioner Fernando Espinosa Ramirez moves for a temporary restraining order (TRO) to maintain the status quo during the pendency of this action. Dkts. 2, 10; Fed. R. Civ. P. 65(b). As discussed below, the Court **GRANTS** the TRO. Pending resolution of the merits of the habeas petition, the Court **ENJOINS** Respondents from removing Petitioner from the United States and from transferring Petitioner outside of the Western District of Washington for purposes of effectuating his removal. The parties are directed to address whether the TRO should be extended or a preliminary injunction be granted in their briefs addressing the merits on the schedule already issued: Respondents shall file a return to the habeas petition by November 12, 2026; Petitioner shall file a traverse by November 17, 2026.

## BACKGROUND

Petitioner is a national and citizen of Mexico. Dkt. 1, at 3. He was previously ordered

removed and subsequently released under an Order of Supervision (OSUP), pursuant to which he remained at liberty for an "extended period." *Id.* On October 27, 2026, Immigration and Customs Enforcement (ICE) detained him during a routine check-in, purportedly without notice or meaningful process. *Id.*

On October 29, 2026, Petitioner was informed that he would be removed from the country on the same day. *Id.* He immediately filed his current habeas petition, Dkt. 1, and an emergency TRO motion, Dkt. 2. District Judge Lauren King denied the original TRO motion because the scheduling order already required that Petitioner not be removed from the district absent 48-to-72-hour notice such that once such notice was filed, Petitioner could move for emergency relief. Dkt. 5. On November 3, 2026, Respondent filed notice that the government intends to transfer Petitioner to a staging facility outside of the Western District of Washington and remove Petitioner from the United States in November 2026.[1] Dkt. 8. On November 4, 2026, Petitioner renewed his motion for an emergency TRO. Dkt. 10. Respondents have appeared in this action and have received notice of all activity in this matter, including the renewed TRO motion.

## DISCUSSION

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that

[1] This Notice of Imminent Removal was served on Petitioner on October 30, 2026. Dkt. 8-1, at 2–3.

the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). And "a TRO 'should be restricted to ... preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.' " *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A party seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, the Court finds that Petitioner is likely to succeed on the merits of his claim that Respondents violated his right to procedural due process by revoking his OSUP and detaining him without following, at a bare minimum, the regulatory requirement of notifying a noncitizen of the reasons for revocation and promptly conducting an informal interview affording an opportunity to respond, as well as allowing him to submit information and have contested facts evaluated. 8 C.F.R. § 241.13(i)(3). The right to due process "applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful,

temporary, or permanent.” *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Courts in our district have consistently recognized that a noncitizen who has previously been released into the community possesses a significant liberty interest in remaining free from physical detention and is constitutionally entitled to meaningful process before that liberty is withdrawn. *See, e.g.*, *Kumar v. Noem*, 2026 WL 668335, at *4 (W.D. Wash. Mar. 10, 2026); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025). On the current record, it does not appear that Petitioner was afforded any process whatsoever, let alone due process. *See Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976) (weighing how to evaluate what process is due).

Second, Petitioner will likely suffer irreparable harm in the absence of preliminary injunctive relief. “It is well established that the deprivation of constitutional rights ‘unquestionably constitutes irreparable injury.’” *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Here, Petitioner does not seek immediate release from custody via his TRO motion; rather he seeks to maintain the status quo by seeking an injunction on being transferred out of this district or out of the country during the pendency of his habeas petition.

Third and fourth, the balance of the equities and the public interest, which merge when the government is the opposing party, tip in Petitioner’s favor. “[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.” *Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (citations and internal quotation marks omitted). Without the requested injunctive relief, Petitioner might suffer a constitutional violation without possibility of relief. The comparative harm potentially imposed on Respondents is minimal: the habeas petition is already scheduled to be ripe for review within two

weeks. A party "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

Accordingly, the Court grants Petitioner's motion for a TRO. A court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Nonetheless, the court my "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)). In this case, in light of the minimal risk of harm to the government of keeping Petitioner within the district, the Court determines that security is not required.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion for a TRO to preserve the status quo pending consideration of the merits in this matter. This Order granting Petitioner's TRO shall remain in effect for fourteen (14) days, i.e., until Wednesday, November 18, 2026, at 5:00 p.m.

1. Pending resolution of this action, Respondents, and all their officers, employees, attorneys, and people acting on their behalf or in concert with them are **ENJOINED** from removing Petitioner from the United States and from transferring Petitioner outside the Western District of Washington for purposes of effectuating his removal.
2. The parties may address preliminary injunctive relief and an extension of the TRO in the briefs on the merits already due on November 12, 2026 (Respondents) and

November 17, 2026 (Petitioner).

DATED this 4th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge