UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERNANDO ESSPINOSA RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-04187-BAT<br><br>ORDER DENYING EMERGENCY MOTION TO AMEND JUDGMENT |

## I. ORDER

On November 18, 2026, the Honorable Brian A. Tsuchida, U.S. Magistrate Judge, entered an order denying Petitioner Fernando Espinosa Ramirez's habeas petition and dissolving a temporary restraining order that had prevented Petitioner's removal. Dkt. 15. On the evening of Saturday November 21, the undersigned after-hours judge received an "Emergency Motion to Amend Judgment" and request for a new temporary restraining order preventing removal. Dkt. 17. The motion was accompanied by a declaration from counsel (Dkt. 18) and sealed materials that were excerpts from a humanitarian release request submitted by counsel to ICE on November 9 (Dkt. 19). It is unclear from the submission whether ICE has acted upon that request. While the Court recognizes the harm that will be caused to his family and community by Petitioner's removal, the motion does not present a legal basis for relief and is DENIED.

Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation modified). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citation modified).

Petitioner argues that Judge Tsuchida committed a "manifest error of law" because the "determination that Respondents complied with the regulatory procedures governing revocation of Petitioner's Order of Supervision does not adequately resolve whether the Fifth Amendment independently required notice and a meaningful opportunity to be heard before revoking nearly six years of supervised liberty." Dkt. 17 at 3. But this argument overlooks that Judge Tsuchida's order denying the habeas petition analyzed the regulatory and Fifth Amendment questions separately. *See* Dkt. 15. The order first concluded that Respondents had complied with the applicable regulations governing revocation of Petitioner's supervision order. *Id.* at 3–4. It then conducted a separate analysis of whether Petitioner's Due Process rights had been violated by applying the balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), and found that there was no Fifth Amendment violation. Dkt. 15 at 4–7. There is thus no basis for Petitioner's argument that the order denying the habeas petition left the Fifth Amendment question unresolved. While the motion cites other district court orders that have found a pre-deprivation hearing necessary before revoking an order of supervision, individual decisions in other district court cases are not enough to show manifest error.

Finally, much of Petitioner's motion focuses on the undeniable irreparable harm that his removal from the country will cause: he will leave behind his U.S.-citizen wife, who is battling

cancer, and four children, two of whom are in college. His agricultural business employed hundreds of workers, and he served as a pastor in his Othello community. *See* Dkt. 17 at 6; Dkt. 19. It is understandable that his counsel has sought humanitarian relief from ICE. But to the extent that request remains under consideration and Petitioner asks the Court to stay his removal until it is decided, a district court lacks jurisdiction to enjoin the executive's decision whether or when to execute a valid, final removal order while the noncitizen pursues additional relief from the executive branch. *Rauda v. Jennings*, 55 F.4th 773, 777–78 (9th Cir. 2022). However harmful or misguided the decision to execute Petitioner's removal order now after allowing him to remain in the community for six years might be, there is simply not a legal basis for this Court to enjoin it.

## II. CONCLUSION

Petitioner's emergency motion to alter or amend the judgment and for a temporary restraining order (Dkt. 17) is DENIED.

Dated this 21st day of November, 2026.

Tiffany M. Cartwright
United States District Judge